IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY RAY CAPUCHINO, #02070144,   §<br>            Plaintiff,   §<br>   §<br>v.   §   **CIVIL CASE NO. 3:17-CV-3240-D-BK**<br>   §<br>   §<br>SCOTT-BURGER, Unit Grievance   §<br>Officer, et al.,   §<br>            Defendants.   §   | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On November 29, 2017, Plaintiff, a state inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the Hutchins Unit of the Texas Department of Criminal Justice (TDCJ), Warden M. Mackey, and Unit Grievance Officer Scott-Burger. Doc. 3 at 3. Plaintiff alleges that Defendant Scott-Burger denied his due process rights by failing to process a grievance in October 2016, due to Scott-Burger's favoritism towards another officer. Doc. 3 at 3-4; Doc. 7 at 3-4. He avers that prison authorities have failed to ensure that all grievance procedures are being followed. *Id.* Plaintiff further states that he "has lost faith" in the

grievance procedure and questions how he can exhaust his administrative remedies if his Step 1 grievance is not processed. Doc. 7 at 3. He requests compensatory damages. Doc. 3 at 4.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. And a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, the complaint is frivolous and fails to state a claim.

### A. Due Process Claim

Plaintiff asserts due process violations stemming from (1) Defendant Scott-Burger's failure to process his grievance and (2) the Hutchins Unit and Warden Mackey's failure to ensure that the grievance procedures were being followed. Doc. 3 at 3-4. However, Plaintiff has no

protected liberty interest in the processing of his prison grievances.  *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005) (finding due process violation stemming from the alleged failure to investigate prisoner's grievances indisputably meritless); *see also Mahogany v. Miller,* 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding plaintiff had no actionable claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).  Moreover, prison authorities are not required to establish grievance procedures, and the failure of a prison to establish or follow grievance procedures does not rise to the level of an actionable claim.  *See Mcbride v. Valdez*, No. 3:13-CV-4629-M-BN, 2014 WL 97379, at *2-3 (N.D. Tex. Jan. 8, 2014); 42 U.S.C. § 1997e(b); *see also McGarrah v. Kimbrow*, No. 3:14-CV-2088-B-BK, 2015 WL 105228, *6 (N.D. Tex. Jan. 6, 2015) (concluding inmates do not have a constitutional entitlement to an adequate grievance procedure).

Also, contrary to Plaintiff's arguemnt, the failure of prison officials to respond to a grievance does not necessarily impede exhaustion of administrative remedies.  *See, e.g., Wilson v. Epps*, 776 F.3d 296, 301-02 (5th Cir. 2015) (summarizing circumstances under which a prison's failure to respond to a grievance is sufficient to deem administrative remedies exhausted); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired.").  Accordingly, Plaintiff's due process claims against Scott-Burger, Warden Mackey, and the TDCJ-Hutchins Unit fail as matter of law.

3

## B. Eleventh Amendment and Supervisory Liability

Even if Plaintiff had sufficiently pled a due process violation, Plaintiff's claims for damages against the TDCJ-Hutchins Unit and Warden Mackey in his official capacity are barred by the Eleventh Amendment.[1] Because the complaint is considered to be a suit against the official's office – i.e., TDCJ – any claim against Mackey would be barred by sovereign immunity as a suit against the state itself. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states or state entities are not persons subject to suit under section 1983, because of the Eleventh Amendment). TDCJ, as a state instrumentality, is immune from a suit seeking monetary relief on Eleventh Amendment grounds. *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008).

Furthermore, to the extent Plaintiff is suing Warden Mackey in his individual capacity, that claim likewise fails. Warden Mackey may not be held liable under section 1983 for supervisory liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action). In answer to the magistrate judge's questionnaire, Plaintiff presents no facts reasonably suggesting that the alleged violations in the present case were due to Warden Mackey's individual actions. Doc. 7 at 4. Indeed, in response to the Court's inquiry, Plaintiff concedes that he is suing Mackey in his capacity as the Warden of the Hutchins Unit because Mackey "is responsible for all staff on this unit." *Id.* And Plaintiff's bare allegation that the "issue has been addressed to Warden Mackey

---

[1] Plaintiff does not indicate whether he is suing Warden Mackey in his official and/or individual capacity. Doc. 3 at 3-4.

and no action has been taken towards Mrs. Scott-Burger," even if true, does not show that Mackey personally participated or authorized others to act or fail to act with respect to any of the claims pled.

Based on the above, the complaint, as supplemented by the answers to the questionnaire, should be dismissed as frivolous and for failure to state a claim.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Plaintiff's claims are fatally infirm. In addition, the Court has already given Plaintiff the opportunity to supplement his complaint by his answers to the Magistrate Judge's Questionnaire. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, Plaintiff's complaint should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Additionally, this dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g). As provided by 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**SO RECOMMENDED**, March 16, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE